**IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEBRASKA**

| | |
|---|---|
| **LORI COLVEY,** | |
| **Plaintiff,** | **8:13CV01** |
| **vs.** | |
| | **ORDER** |
| **CITY OF NORFOLK, NORFOLK POLICE DIVISION, JASON WITZE, BRENT TIETZ, and CHAD REIMAN,** | |
| **Defendants.** | |

This matter comes before the court on the plaintiff's, Lori Colvey (Colvey), Motion to Compel (Filing No. 26).  Colvey states the defendants have failed to serve responses to Colvey's March 18, 2013, Requests for Production of Documents.[1]  **See** Filing No. 26 - Motion.  Colvey's counsel states she made attempts to contact the defendants' counsel without success.[2]  ***Id.***  The defendants did not respond to Colvey's motion.  Additionally, no certificates of service exist in the record as evidence of service of the responses or objections.  **See** NECivR 34.1.

**BACKGROUND**

On January 29, 2011, the City of Norfolk Police Division (NPD) took Colvey into emergency protective custody.  **See** Filing No. 1 - Complaint ¶ 8.  NPD officers transported Colvey to Faith Regional Health Services in Norfolk, Madison County, Nebraska (Faith Regional).  ***Id.***  Upon arrival at Faith Regional, Colvey alleges NPD officers entered Colvey's exam room, handcuffed Colvey to an exam table, forcibly removed her clothing, and forcibly extracted a urine specimen from Colvey.  ***Id.***  Colvey alleges the defendants' actions were unreasonable, intrusive, medically and legally unnecessary, and constituted excessive force.  ***Id.*** ¶¶ 9, 11.  Colvey generally alleges the defendants violated her constitutional rights to be free from unreasonable searches and seizures.  ***Id.*** ¶¶ 9-16.  The defendants generally deny Colvey's allegations.  **See** Filing No. 16 - Answer.

---

[1] The court notes no certificate of service was filed as required by the Civil Rules of the United States District Court for the District of Nebraska 34.1(b)

[2] The court finds Colvey made sincere attempts to resolve this issue prior to seeking court involvement as required by NECivR 7.1(i) and Fed. R. Civ. P. 37(a)(1).

### ANALYSIS

The Federal Rules of Civil Procedure require a responding party to produce documents or respond with any objections to properly served requests for production within thirty days of service.  **See** Fed. R. Civ. P. 34(b)(2)(A).  The defendants have not responded to Colvey's March 18, 2013, Requests for Production.  Further, the defendants offer no explanation for their failure to respond to Colvey's Requests for Production.  Accordingly, the defendants shall produce the requested documents in response to Colvey's March 18, 2013, Requests for Production without objection.  Furthermore, the defendants shall show cause why sanctions should not be imposed pursuant Fed. R. Civ. P. 37.  Fed. R. Civ. P. 37(a)(5)(A) provides:

> If the motion [to compel] is granted--or if the disclosure or requested discovery is provided after the motion was filed--the court must, after giving an opportunity to be heard, require the party or deponent whose conduct necessitated the motion, the party or attorney advising that conduct, or both to pay the movant's reasonable expenses incurred in making the motion, including attorney's fees.  But the court must not order this payment if:
> > (i) the movant filed the motion before attempting in good faith to obtain the disclosure or discovery without court action;
> > (ii) the opposing party's nondisclosure, response, or objection was substantially justified; or
> > (iii) other circumstances make an award of expenses unjust.

Fed. R. Civ. P. 37(a)(5)(A).  The defendants' failure to provide discovery responses required Colvey to file a motion to compel.  The court shall, after the defendants have a chance to respond, grant Colvey's reasonable expenses for filing such a motion, unless the defendants show substantial and legal justification for the failure to provide discovery responses.  Upon consideration,

**IT IS ORDERED**:

1.      Lori Colvey's Motion to Compel (Filing No. 26) is granted.  The defendants shall have until **June 14, 2013**, to respond to Colvey's March 18, 2013, Requests for Production of Documents.  The defendants shall file a certificate of service upon serving their response.

2.       The defendants shall have until **June 14, 2013**, to show cause why sanctions, including the award of attorney's fees under Fed. R. Civ. P. 37(a)(5)(A), should not be imposed.

## ADMONITION

Pursuant to NECivR 72.2 any objection to this Order shall be filed with the Clerk of the Court within fourteen (14) days after being served with a copy of this Order.  Failure to timely object may constitute a waiver of any objection.  The brief in support of any objection shall be filed at the time of filing such objection.  Failure to file a brief in support of any objection may be deemed an abandonment of the objection.

Dated this 28th day of May, 2013.

BY THE COURT:

 s/ Thomas D. Thalken
United States Magistrate Judge